KEVIN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
4407 N. Division St., Suite 618
Spokane, WA 99207
(509) 624-0159

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>**GARY'S PAINT CENTER OF WALLA WALLA, INC.,**<br><br>Debtor. | Case No. **25-00856-WLH7**<br><br>Chapter **7**<br><br>**MOTION TO APPROVE SETTLEMENT** |

## I. <u>MOTION</u>

Kevin D. O'Rourke, the Chapter 7 Trustee appointed herein (the "Chapter 7 Trustee and/or Trustee"), by and through his attorney, Southwell & O'Rourke, P.S., hereby moves the court (the "Motion") for entry of an order approving the settlement between the Trustee and The Coatings Alliance, LLC, d/b/a C2 Paint ("C2 Paint"). The Chapter 7 Trustee requests approval of this settlement, as it is fair, just, reasonable, and in the best interest of the Estate and its creditors. The Chapter 7 Trustee submits as follows:

## II. <u>BASIS</u>

### A. <u>Statement of Jurisdiction</u>

This Motion is before the court as a core proceeding over which the court has jurisdiction to enter a final order pursuant to 28 U.S.C. §§157(b), 1408 and 1409.

///

///



**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
4407 N. DIVISION ST., SUITE 618
SPOKANE, WASHINGTON 99207
TELEPHONE (509) 624-0159

## B. Statement of Facts

1. On May 13, 2025, (the "Petition Date"), the Debtor Gary's Paint Center of Walla Walla, Inc. (the "Debtor") filed a petition for bankruptcy under Chapter 7 of Title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court"), case number 25-00856-WLH7 (the "Bankruptcy Proceeding" and/or "Bankruptcy Estate").

2. Kevin D. O'Rourke was appointed as the Trustee in the Bankruptcy Proceeding.

3. The Debtor disclosed in Statement of Financial Affairs Question No. 5 of the Debtor's bankruptcy schedules filed on May 13, 2025 [*ECF No. 1*] that Debtor transferred to C2 Paint "Paint, dispenser, display, colorant. Debtors not sure of the value. Debtor owes creditor approx. $14,000.00. Creditor informed Debtor that the return will be against debt" (the "Transfer"). The Debtor's representatives thereafter provided the Trustee with information that the paint, dispenser, display, and colorant, and certain personal property had a collective value of $6,305.56.

4. The Trustee asserts that the Transfer is a preferential transfer, pursuant to 11 U.S.C. § 547, that is recoverable and automatically preserved for the benefit of the estate, pursuant to 11 U.S.C. § 551 (the "Avoidable Transfer"). C2 Paint raised certain defenses to the Avoidable Transfer.

5. The Chapter 7 Trustee began negotiations with C2 Paint regarding the Avoidable Transfer.



**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
4407 N. DIVISION ST., SUITE 618
SPOKANE, WASHINGTON 99207
TELEPHONE (509) 624-0159

6. After negotiations occurred, the Chapter 7 Trustee and C2 Paint reached an economic and reasonable resolution in the business judgment of the Chapter 7 Trustee, subject to Bankruptcy Court approval, which the settlement (the "Settlement") provides, that in full Settlement of the Avoidable Transfer, C2 Paint has paid to the Trustee the total sum of Three Thousand Seven Hundred Fifty Dollars ($3,750.00). There is also a release of certain claims. The Settlement Agreement should be read and considered in its entirety. For convenience, certain, but not all, terms of the Settlement Agreement are set forth herein that principally relate to the effect of the Settlement Agreement. This summary is not intended as a substitute for review of the entire Settlement Agreement, which are controlling.

7. A true and complete copy of the Settlement Agreement is attached as Exhibit "A" to the Declaration of Kevin D. O'Rourke in Support of Motion to Approve Settlement filed herewith.

## C. <u>Legal Argument</u>

1. Compromise and settlement agreements are favored under the law and by the courts. *Martin v. Kane (In re A&C Props)*, 784 F.2d 1377, 1381 (9th Cir. 1986) ("The law favors compromise and not litigation for its own sake"). Federal Rule of Bankruptcy Section 9019(a) governs compromise and settlement agreements, which rule provides as follows:

> (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States



**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
4407 N. DIVISION ST., SUITE 618
SPOKANE, WASHINGTON 99207
TELEPHONE (509) 624-0159

trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the Court may direct.

2. The inquiry of the bankruptcy court focuses on determining whether the agreement is reasonable under the circumstances. *A&C Prop.s*, 784 F.2d at 1381. The bankruptcy court's inquiry "turns on the question of whether the compromise is in the best interest of the estate." *Wells Fargo Bank, N.A. v. Guy F. Atkinson Co. (In re Atkinson)*, 242 B.R. 497, 502 (BAP 9th Cir. 1999). A settlement agreement must be fair and equitable and not "'fall below the lowest point in the range of reasonableness.'" *In re Pac. Gas & Elec. Co*., 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (quoting *In re Drexel Burnham Lambert Grp., Inc*., 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991)).

3. Courts consider four factors to determine whether an agreement is fair, reasonable, and adequate:

> (a) The probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*A&C Prop.s*, 784 F.2d at 1381. Significantly, "it is not necessary to satisfy each of these factors provided that the factors as a whole favor approving the settlement." *Pac. Gas & Electric Co*., 304 B.R. at 417 (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). Ultimately, the bankruptcy court has "great latitude in approving compromise agreements." *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988).



**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
4407 N. DIVISION ST., SUITE 618
SPOKANE, WASHINGTON 99207
TELEPHONE (509) 624-0159

4. The Settlement is fair, reasonable, appropriate, adequate, and in the best interest of the estate and its creditors under the circumstances.

## III. RELIEF REQUESTED

The Chapter 7 Trustee respectfully requests that the court enter an order:

1. Granting the Motion.

2. Approving the Settlement Agreement between the Trustee and C2 Paint in accordance with the terms of the Settlement as set forth herein.

3. Finding that the Settlement is (a) reasonable under the circumstances; (b) in the best interest of the Estate and its creditors; and is (c) fair and equitable, and the Chapter 7 Trustee properly exercised his business judgment.

DATED this 17th day of August, 2026.

SOUTHWELL & O'ROURKE, P.S.

BY: *<u>/s/ Kevin O'Rourke</u>*
KEVIN O'ROURKE, WSBA #28912
Attorney for the Chapter 7 Trustee



**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
4407 N. DIVISION ST., SUITE 618
SPOKANE, WASHINGTON 99207
TELEPHONE (509) 624-0159